UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. SCHOENFELD,<br><br>Plaintiff,<br><br>v.<br><br>SEARS ROEBUCK AND CO.,<br><br>Defendant. | Case No. 15-cv-03673-RMW<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

Plaintiff Richard A. Schoenfeld filed a civil complaint for wrongful discharge in violation of public policy in California Superior County in Santa Clara County. Dkt. No. 1, Ex. 1. Defendant Sears, Roebuck and Co. ("Sears") removed this case to federal court on the basis of federal question jurisdiction and moved for judgment on the pleadings. Dkt. Nos. 1, 12. Plaintiff then moved to remand. Dkt. No. 15. After reviewing the complaint, the court finds that it lacks subject matter jurisdiction and remands the case. Therefore, the Court does not reach defendant's motion for judgment on the pleadings.

**I. BACKGROUND**

Plaintiff alleges in his complaint that, having informed Sears of his status as paroled felon, he was hired by Sears in November of 2012. Dkt. No. 1, Ex. 1 ¶¶ 4, 7. Mr. Schoenfeld further alleges that Sears applied for and obtained a tax credit under the Work Opportunity Tax Credit ("WOTC") Program based on Mr. Schoenfeld's ex-felon status. *Id.* ¶ 8. Mr. Schoenfeld claims

1

15-cv-03673-RMW
ORDER GRANTING MOTION TO REMAND

that Sears terminated his employment in July 2013, "allegedly for providing . . . false or incorrect information on his work application." *Id.* ¶ 10. Mr. Schoefeld asserts that the reason given for termination "was false and pretextual," and that the termination violated "the public policy of the United States of America and the State of California fostered by the WOTC Program . . . of providing ex-felons on parole with the opportunity of being gainfully employed so that they may become productive members of society." *Id.* ¶¶ 10, 12.

Plaintiff seeks remand, arguing that the "WOTC Program was included in the complaint merely as the source of the public policy that allegedly was violated" and "that there are no disputed issues of federal law." Dkt. 15 at 4. Defendant opposes remand, arguing that Mr. Schoenfeld's claim "is entirely dependent upon analysis of the federal statues establishing the WOTC Program, as well as the companion federal handbook, and that "state law has nothing to say on this issue." Dkt. 18 at 2-3.

## II.     ANALYSIS

Federal jurisdiction over a state claim may exist if 'it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims.'" *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (quoting *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13 (1983)). "There is a "strong presumption" against removal jurisdiction, . . . and any uncertainties are to be resolved in favor of remand." *Kanter v. Warner–Lambert Co.*, 52 F.Supp.2d 1126, 1129 (N.D.Cal.1999) *aff'd*, 265 F.3d 853 (9th Cir. 2001) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The court finds that no substantial, disputed question of federal law supports removal in this case.

In his motion for remand, plaintiff cites several cases for the proposition that "where federal legislation merely forms the basis for the claim of state public policy, there is no federal-question jurisdiction." *See* Dkt. No. 15 at 3-5. Defendant seeks to distinguish these cases by stressing that plaintiff relies solely on the federal WOTC Program and has not included any "companion or redundant state law" as the source of public policy. Dkt. No. 18 at 5. Defendant is

correct that plaintiff relies only on the federal WOTC program as the public policy basis for his wrongful termination claim, but federal law alone may satisfy the public policy element of plaintiff's state law claim. *See Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 74 (1998) ("federal safety regulations promulgated to address important public safety concerns may serve as a source of fundamental public policy"). The court is not persuaded that Mr. Schoenfeld's reliance on a single federal source of public policy creates federal question jurisdiction. Wrongful termination of employment in violation of public policy is a state claim whether the public policy is created by state law, federal law, or a combination of both. Because plaintiff is making a state claim, remand is appropriate.

The Ninth Circuit held in *Rains v. Criterion Systems, Inc*. that "[i]t is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy." 80 F.3d 339, 343 (9th Cir. 1996). In *Rains*, the plaintiff cited to federal employment law as one of several sources of public policy. *Lewis v. Symantec Corp.* also involved both federal and state law sources of public policy. Both cases were remanded to state court. In *Campbell v. Aerospace Corp.*, in which the Ninth Circuit addressed the question of jurisdiction at the time of entry of federal judgment, the court concluded that "Campbell's incorporation of the FCA as the source of public policy violated did not raise a sufficiently substantial, disputed question of federal law so as to confer federal-question jurisdiction." 123 F.3d 1308, 1315 (9th Cir. 1997). Although the *Campbell* court noted that California statutory law provided an alternative state-law theory, the plaintiff did not raise any state-law theory until appeal. *Id.* None of these cases suggest that a claim relying solely on federal law necessarily implicates federal question jurisdiction. As explained in *Rain*s, "direct and indirect references" to federal law in state causes of action "do not make those claims into federal causes of action." 80 F.3d 339 at 344.

Defendant cites *Grable & Son*s, in which the Supreme Court found federal question jurisdiction over a quiet title claim because the requirements of the federal Internal Revenue Code were in dispute: "Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually

3

in dispute." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). In this case, however, Mr. Schoenfeld does not assert a violation of the tax credit program, and the requirements of the tax credit program itself are not in dispute. The question of whether the WTOC Program provides a sufficient policy basis to establish a claim for a wrongful termination in violation of public policy claim is a question of state law that is best resolved in state court. *See Campbell v. Aerospace Corp.*, 123 F.3d at 1315 (9th Cir. 1997) ("citation to the federal policy protecting whistleblowers does not alter the fundamental nature of [plaintiff's] state-law tort action."); *see also Cross v. King Cnty.*, No. C08-944JLR, 2009 WL 2475444, at *6 (W.D. Wash. Aug. 11, 2009) ("wrongful discharge claim, regardless of the federal policy at issue, is fundamentally a state common law cause of action").

### III.   CONCLUSION

For these reasons, the court concludes that it lacks jurisdiction over plaintiff's claim and remands the case back to Superior Court of the State of California, County of Santa Clara.

**IT IS SO ORDERED.**

Dated: November 2, 2015

_____
Ronald M. Whyte
United States District Judge